LEONARD R. AND EVELYN T. BREON, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Breon v. Commissioner
Docket No. 1851-76.
United States Tax Court
T.C. Memo 1981-268; 1981 Tax Ct. Memo LEXIS 484; 41 T.C.M. (CCH) 1621; T.C.M. (RIA) 81268; May 28, 1981. Robert M. Tyle, for the petitioners. Anthony M. Bruce, for the respondent. DAWSON
MEMORANDUM FINDINGS OF FACT AND OPINION DAWSON, Judge: This case was assigned to and heard by Special Trial Judge Murray H. Falk pursuant to the provisions of section 7456(c) of the Internal Revenue Code[1] and Rules 180 and 181, *485 Tax Court Rules of Practice and Procedure.[2] The Court agrees with and adopts his opinion which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE FALK, Special Trial Judge: Respondent determined deficiencies of $ 460.00 and $ 744.73, respectively, in petitioners' 1969 and 1970 federal income taxes. By amendment to his answer filed by leave of the Court granted at the conclusion of the trial herein, respondent seeks to increase the deficiency for 1969 to $ 714.74. The question for our determination is the amount of a casualty loss suffered to petitioners' real property in 1972. Whether petitioners are entitled under section 172 to a net operating loss deduction for 1969 in an amount in excess of that determined by respondent in his notice of deficiency or by his amended answer and to any net operating loss deduction for 1970, *486 and, if so, the amounts thereof, turn upon our resolution of the issue first mentioned, above. FINDINGS OF FACT Some of the facts have been stipulated, and those facts are so found. Petitioners, husband and wife, filed their original and amended joint federal income tax returns for 1969 and 1970 and their joint return for 1972 with the Internal Revenue Service Center at Andover, Massachusetts. At the time they filed their petition herein, they resided at Painted Post, New York. Petitioners purchased a two-story, eleven room house in Corning, New York, in 1949 for approximately $ 6,000. They paid closing costs of approximately $ 60 upon its purchase. Prior to the events hereinafter described they made capital improvements to the property which cost them approximately $ 12,000. Petitioners used the property as their residencee and, for a period after 1969, partially as rental property. For years prior to 1972, petitioners claimed depreciation deductions in the sum of $ 659.68 in respect of the property. On June 23, 1972, flood waters spawned by Hurricane Agnes flooded petitioners' house to a depth of approximately three feet. The property was devastated and, although *487 petitioners made some attempt to clean up the mess and gut the interior preparatory to making repairs, they never moved back into it. On December 12, 1973, the house was sold to the Corning Urban Renewal Agency for $ 7,000. The sale price was determined by the urban renewal agency by using the higher of two appraisals it obtained of the property in its flood-damaged condition. The parties are in agreement that the loss to petitioners' personalty was $ 7,429.95. Petitioners received a disaster loan of $ 18,972.80 from the Small Business Administration (hereinafter referred to as the SBA), repayment of $ 5,000 of which was subsequently forgiven. Petitioners now concede that the amount of their casualty loss should be reduced by $ 5,000 by reason of that forgiveness. The fair market value of the realty was $ 18,000 immediately before the flood and $ 7,000 immediately thereafter. On their 1972 federal income tax return, petitioners claimed a casualty loss deduction of $ 24,793.95, as follows: Damage to realty
$ 17,464.00
Damage to personalty
7,429.95
Total
$ 24,893.95
Less sec. 165(c)(3) limitation
100.00
Loss claimed
$ 24,793.95
Respondent determined *488 that petitioners' deductible loss was $ 10,829.95, as follows: Loss to realty
$ 8,500.00
Loss to personalty
7,429.95
Total
$ 15,929.95
Less: Forgiveness of SBA loan $ 5,000
Sec. 165(c)(3) limitations 100
5,100.00
Loss determined
$ 10,829.95
In his amended answer, respondent asserts that the loss to the realty should not exceed $ 7,230.99. OPINION Section 165 allows a deduction to individuals for losses not compensated for by insurance or otherwise suffered upon the damage to or destruction of property by reason of fire, storm, shipwreck or other casualty or from theft. In the case of nonbusiness property, the loss is limited to the extent that it exceeds $ 100. Sec. 165(c)(3). The proper measure of the loss sustained is the difference between the fair market value of the property immediately before the casualty and its fair market value immediately thereafter, but not to exceed its adjusted basis. See Helvering v. Owens, 305 U.S. 468 (1939); Millsap v. Commissioner, 46 T.C. 751, 759 (1966), affd. 387 F.2d 420 (8th Cir. 1968); sec. 1.165-7(b)(1), Income Tax Regs. Physical damage to property caused *489 by a flood is clearly a casualty within the purview of section 165(c)(3), and respondent concedes that petitioners suffered some such damage which qualified for deduction. Respondent does not contest petitioners' claim of the value of their personalty lost in the flood. Petitioners now concede that the amount of the loss should be reduced by $ 5,000, the amount of the SBA loan forgiveness. The only dispute, then, is the amount of the loss to petitioners' realty. The burden of proof rests with petitioners. Pfalzgraf v. Commissioner, 67 T.C. 784, 787 (1977); Axelrod v. Commissioner, 56 T.C. 243, 256 (1971). To establish the amount of the casualty loss, the relevant fair market values "shall generally be ascertained by competent appraisal." Sec. 1.165-7(a)(2)(i), Income Tax Regs. Petitioners obtained appraisals of the fair market value of the house before and after the flood from two local real estate agents. The testimony of neither is before the Court and their appraisal reports do not contain any data to support their conclusions. The circumstances are such here that we draw no inference from the absence of their testimony that the testimony *490 of these persons would be unfavorable to petitioners, [3] but neither can we give their appraisals any weight. The opinion of a landowner as to the value of his or her property is admissible in evidence without further qualification because of the owner's special relationship to that property. But, we are not bound to accept that testimony at face value, even though it is uncontradicted, if it appears to be improbable, unreasonable, or offered solely to serve the self-interests of the taxpayer. While the owners of property are competent to testify as to its value, the weight to be given their testimony will depend upon their knowledge, experience, method of valuation, and other relevant considerations. Petitioner Evelyn T. Breon's testimony demonstrates a nearly total lack of understanding of the concept of fair market value. *491 On the meager record before us it is a close question whether petitioners have provided sufficient evidence to overcome the presumed correctness of respondent's determination. Yet, doing the best we can with the materials before us, see Heyn v. Commissioner, 46 T.C. 302, 310 (1966), we have found that petitioners sustained a loss of $ 11,000 to their realty as the result of the flood (before reduction on account of the SBA loan forgiveness and the statutory $ 100 limitation of section 165(c)(3)). The basis of the property in their hands exceeded that amount. Petitioners are entitled to a deduction under section 165 for 1972 in the amount of $ 13,329.95. In accordance with the foregoing, Decision will be entered under Rule 155. Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated. ↩
2. Pursuant to the order of assignment, on the authority of the "otherwise provided" language of Rule 182, Tax Court Rules of Practice and Procedure↩, the post-trial procedures set forth in that rule are not applicable to this case.
3. Petitioners unsuccessfully attempted to obtain the testimony of both persons. Their failure to appear as witnesses, therefore, is not unexplained and the "absent witness" rule (see Kean v. Commissioner, 51 T.C. 337, 343-344 (1968), affd. on this issue 469 F.2d 1183, 1187-1188↩ (9th Cir. 1972)) is not applicable here.